UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2332
UNITED STATES OF AMERICA,

Appellee,

v.

SHERWOOD K. JORDAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Selya, Circuit Judge,

Friedman, Senior Circuit Judge,

and Cyr, Circuit Judge.

David G. Webbert with whom Berman & Simmons, P.A. was on brief
for appellant.
F. Mark Terison, Assistant United States Attorney, with whom
Richard S. Cohen, United States Attorney, and Richard W. Murphy,
Assistant United States Attorney, were on brief for appellee.

July 16, 1993



*Of the Federal Circuit, sitting by designation.

CYR, Circuit Judge. On December 3, 1991, Maine law CYR, Circuit Judge.

enforcement personnel executed a search warrant at the home of

appellant Sherwood Jordan, seizing more than a kilogram of

marijuana, a triple beam scale, $5,880 in cash, six firearms, and

nearly 1000 rounds of assault-rifle ammunition. A federal grand

jury subsequently indicted Jordan on six counts of possession of

firearms or ammunition by a felon, 18 U.S.C. 922(g)(1), 924,

and one count of possessing marijuana with intent to distribute,

18 U.S.C. 841(a)(1), (b)(1)(D).

Jordan moved to suppress all evidence seized during the

search, contending that the warrant was issued without probable

cause. Although it expressed "grave reservations as to the

sufficiency of the probable cause showing," the district court,

relying on the "good faith" exception to the exclusionary rule,

see United States v. Leon, 468 U.S. 897 (1984), denied the motion

to suppress. Jordan subsequently entered conditional guilty

pleas to three firearms charges and the drug distribution charge,

reserving the right to appeal the suppression ruling. See Fed.

R. Crim. P. 11(a)(2).

A. The Supporting Affidavit. A. The Supporting Affidavit

The search warrant was issued by a state court judge on

the strength of the affidavit of Agent Winston McGill of the

Maine Bureau of Intergovernmental Drug Enforcement. The affida-

vit related in great detail two controlled marijuana "buys,"

within the preceding ten days, from one Donald Moyse, a convicted

2

drug offender, by a confidential informant acting under the

direct control and surveillance of Agent McGill. McGill attested

that the confidential informant previously had provided reliable

tips and had cooperated with local authorities in other con-

trolled marijuana "buys." The affidavit related that Donald

Moyse told the confidential informant that the marijuana involved

in both controlled "buys" had come from Jordan's residence, and

that both "buys" had been conducted in essentially the same

manner: the confidential informant would meet with one Cary

LaFrance at a local rest stop area and turn over the agreed

purchase price (supplied by Agent McGill). LaFrance would drive

to Donald Moyse's residence, and the two would proceed to the

Jordan residence where the marijuana was kept. Moyse and LaFran-

ce would then meet with the informant at a local school and

deliver the marijuana.

On the occasion of each controlled "buy," McGill

searched the confidential informant for contraband immediately

prior to providing the purchase money; prior to the second "buy,"

he searched the informant's vehicle as well. McGill then survei-

lled the unfolding transaction, observing as the informant

delivered the "buy" money to LaFrance, following LaFrance to

Moyse's house, and watching LaFrance and Moyse as they proceeded

to Jordan's residence, then to the local school. In each in-

stance, McGill's affidavit attests, the informant told McGill

that the marijuana had been turned over to him by Moyse and

LaFrance at the school and that it had been obtained, according

3

to Moyse, at Jordan's residence. Following the second "buy," the

informant told McGill that Moyse had stated that there was a

"large quantity" of marijuana at the Jordan residence. Finally,

the affidavit represented that urinalysis conducted while Moyse

was on probation occasionally revealed positive results for

marijuana use.

B. The District Court Decision. B. The District Court Decision.

Contrary to Jordan's contention on appeal, the district

court's "grave reservations as to the sufficiency of the probable

cause showing" did not amount to a finding that the warrant was

not based on probable cause. "Grave reservations" do not a

ruling make. Rather, the district court plainly bypassed any

"probable cause" ruling in favor of its functionally distinct

reliance on the "good faith" exception to the exclusionary rule.

In addition, we agree with the government that the McGill affida-

vit made a sufficient showing of probable cause.1

C. Probable Cause. C. Probable Cause.

We must accord the issuing judge's "probable cause"

determination "great deference," United States v. Scalia, slip

op. No. 93-1018 at 4 (1st Cir. May 21, 1993) (quoting United

States v. Ciampa, 793 F.2d 19, 22 (1st Cir. 1986)), with a



1As there was no evidentiary hearing on the motion to
suppress, we examine the only supporting evidence the McGill
affidavit to determine the sufficiency of the probable cause
showing. Cf. Leon, 468 U.S. at 925 (reviewing court may resolve
sufficiency of "probable cause" showing before considering "good
faith" exception).

4

common-sense view to whether the "totality of the circumstances"

related in the supporting affidavit, Illinois v. Gates, 462 U.S.

213, 238 (1983), gave rise to a fair probability that a search of

the target premises would uncover contraband or evidence of a

crime. See United States v. Caggiano, 899 F.2d 99, 102 (1st Cir.

1990) (citing Gates, 462 U.S. at 238-39). The "fair probability"

threshold does not require a prima facie showing of criminal

activity. Ciampa, 793 F.2d at 22 (citing Gates, 462 U.S. at

235).

Jordan makes a spirited attack on the McGill affidavit:

neither McGill nor the informant had any direct contact with

Jordan, nor directly observed any drug buy or transfer at the

Jordan residence; Moyse's representations that the marijuana came

from Jordan's home are "double hearsay"; Moyse, a marijuana user

and convicted drug offender, was not a reliable hearsay declarant

and, finally, the affidavit did not demonstrate a "fair prob-

ability" that marijuana or related contraband would be found at

the Jordan residence since the marijuana Moyse sold to the

informant could have come from LaFrance, Moyse, the school, or

Jordan's residence.

We agree that nothing in the McGill affidavit excluded

the possibility that the marijuana may have come from some place

other than the Jordan residence. Nevertheless, viewing the

totality of the circumstances related in the affidavit, rather

than judging "bits and pieces of information in isolation,"

United States v. Cochrane, 896 F.2d 635, 637 (1st Cir.) (citing

5

Massachusetts v. Upton, 466 U.S. 727, 732 (1984)), cert. denied,

496 U.S. 929 (1990), the affidavit was sufficient to support the

issuing judge's "common-sense" determination of probable cause.

Hearsay statements, like those of Moyse and the infor-

mant, often are the stuff of search warrant affidavits. See,

e.g., Scalia, slip op. at 2, 3; Ciampa, 793 F.2d at 24. Their

reliability may be corroborated by various means, including

direct surveillance or circumstantial evidence, or vouchsafed by

the affiant in this case a highly experienced law enforcement

officer. See, e.g., Scalia, slip op. at 6-8. McGill attested

that the confidential informant had provided reliable information

and investigative assistance to the police in the past, which may

have been sufficient in itself to establish the reliability of

the informant's hearsay statements. See, e.g., Ciampa, 793 F.2d

at 24 (hearsay conveyed by "proven reliable informant"); cf.

United States v. Campbell, 732 F.2d 1017, 1019 (1st Cir. 1984)

(double hearsay unacceptable basis for probable cause where

neither informant nor confidential contact had dealt with police

in the past). Moreover, McGill also attested that (i) Moyse was

an unwitting participant in the controlled "buy," and (ii)

unbeknownst to Moyse, McGill observed Moyse's entrance to Jordan-

's residence on both occasions, thereby establishing that Moyse

was in a position to know whether Jordan kept marijuana at his

residence. See Ciampa, 793 F.2d at 24.

Finally, McGill contemporaneously surveilled all

conspicuous steps taken in the course of both controlled "buys,"

6

which proceeded exactly as foretold by the confidential infor-

mant, and included stops at Jordan's home, the site of the

search. Thus, independent corroboration lent further credence to

the confidential informant's statements (i.e., the location of

the marijuana). See United States v. Jorge, 865 F.2d 6, 9 (1st

Cir. 1989), cert. denied, 490 U.S. 1027 (1989); see also Gates,

462 U.S. at 244 (White, J., concurring) ("Because an informant is

right about some things, he is more probably right about other

facts . . . .").

Appellant nevertheless correctly observes that these

factors in combination do not exclude the possibility that Moyse

might have obtained the marijuana at some place along the drug

"buy" route other than Jordan's residence. But given the exper-

ience and training of the affiant, the confidential informant's

proven reliability, and the corroboration of the informant's and

Moyse's hearsay reports by means of direct police surveillance,

the issuing judge was not required to credit the speculative

possibility that the marijuana might have been obtained elsewhere

along the drug route than Jordan's residence. Nor may we do so.

See Scalia, slip op. at 4 (issuing judge's "probable cause"

determination entitled to "great deference"). Viewed in their

totality, therefore, the circumstances related in the supporting

affidavit, together with reasonable inferences therefrom, provid-

ed a "substantial basis" for the issuing judge's common-sense

determination that there was a fair probability that Jordan's

7

home contained contraband or evidence of a crime. Caggiano, 899

F.2d at 102 (citing Gates, 462 U.S. at 238-39).

Affirmed.

8